UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
THOMAS A. CALLAHAN, JAMES T. CALLAHAN,
DENISE M. RICHARDSON and MICHAEL SALGO
in their capacity as the Board of Trustees of the
ANNUITY FUND OF THE INTERNATIONAL UNION         **COMPLAINT**
OF OPERATING ENGINEERS LOCAL 15, 15A, 15C &
15D, AFL-CIO,                                   CV-19- 1388

                                  Plaintiffs,

    -against-

VINCENT MASCARELLA,

                                  Defendant.
---------------------------------------------------------------X

Plaintiffs THOMAS A. CALLAHAN, JAMES T. CALLAHAN, DENISE M. RICHARDSON and MICHAEL SALGO in their capacity as the Board of Trustees of the ANNUITY FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO ("LOCAL 15 ANNUITY FUND"), by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to recover plan assets which were distributed to Defendant VINCENT MASCARELLA ("MASCARELLA") as a result of said Defendant's misrepresentations on his application for such distribution.

### JURISDICTION & VENUE

2. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

3. Venue is properly laid in the Eastern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below, Plaintiff LOCAL 15 ANNUITY FUND is administered from an office located within this District.

## THE PARTIES

4. Plaintiffs THOMAS A. CALLAHAN, JAMES T. CALLAHAN, DENISE M. RICHARDSON and MICHAEL SALGO are the Trustees of the LOCAL 15 ANNUITY FUND ("Plaintiffs LOCAL 15 ANNUITY FUND TRUSTEES") and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5. Plaintiff LOCAL 15 ANNUITY FUND is a joint trustee fund established by a trust indenture pursuant to Section 302 of the Labor Management Relations Act of 1947, 29 U.S.C. § 186. Plaintiffs LOCAL 15 ANNUITY FUND TRUSTEES maintain the subject plan at an office located at 44-40 11th Street, Long Island City, New York.

6. Plaintiff LOCAL 15 ANNUITY FUND is a defined contribution plan within the meaning of Section 3(2) of the ERISA, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

7. Plaintiff LOCAL 15 ANNUITY FUND constitutes a multi-employer/employee benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

8. Upon information and belief, Defendant MASCARELLA resides at 28 Bay Point Drive, Toms River, New Jersey.

## BACKGROUND INFORMATION

9. At all times relevant hereto, Defendant MASCARELLA was a participant of Plaintiff LOCAL 15 ANNUITY FUND due to contributions remitted to the LOCAL 15 ANNUITY FUND on his behalf by employers required to do so pursuant to the terms and conditions of collective bargaining agreements negotiated by the International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO ("Local 15").

10. At all times relevant hereto, Defendant MASCARELLA was a member of Local 15.

11. In or about October/November 2018, Defendant MASCARELLA's individual annuity account balance as maintained by Plaintiff LOCAL 15 ANNUITY FUND totaled $78,720.77.

12. Plaintiff LOCAL 15 ANNUITY FUND is administered by Plaintiffs LOCAL 15 ANNUITY FUND TRUSTEES in accordance with the terms and conditions of a plan document which provides at Article IV, Section 3(d) that "[A] Participant shall be eligible to receive 100% of his Individual Account balance . . . [I]f a Participant has not had any Employer Contributions credited to his account in a 12 consecutive month period, effective April 1, 1993."

13. The plan document governing Plaintiff LOCAL 15 ANNUITY FUND also provides at Article VIII, Section 2 that "[A]s a condition of payment of any benefit, an application for such benefit must be made in writing in a form and manner prescribed by the Trustees."

14. The plan document governing Plaintiff LOCAL 15 ANNUITY FUND further provides at Article VIII, Section 3 that "[T]he falsity of any statement material to an application

or the furnishing of fraudulent information or proof shall be sufficient reasons for the denial, suspension or discontinuance of benefits under this Plan and in any such case, the Trustees shall have the right to recover any benefit payments made in reliance thereon."

15. On or about October 31, 2018, Defendant MASCARELLA applied for distribution of 100% of his individual account balance from Plaintiff LOCAL 15 ANNUITY FUND based upon having not had any employer contributions credited to his individual account for the 12-consecutive month period immediately preceding the date of his application.

16. As part of his application for this distribution, Defendant MASCARELLA completed an affidavit in support of his application and swore under oath as taken by a notary public that "[I] understand and acknowledge that if I have worked for any contributing employer during this 12-month period, then I should have employer contributions credited to my account and I am therefore not eligible under the Annuity Plan rules to take a distribution from my individual Annuity Fund account."

17. In addition, as part of his application for distribution, Defendant MASCARELLA completed an affidavit in support of his application and swore under oath as taken by a notary public that "[P]rior to making the instant application, I have redeemed any and all Local 15 fringe benefit stamps that were issued to me by contributing employers, and I am not currently in possession of any fringe benefit stamps."

18. On November 8, 2018, based upon the application submitted by Defendant MASCARELLA to Plaintiff LOCAL 15 ANNUITY FUND and the statements made in his affidavit in support of his application for a distribution, Plaintiffs approved his application and coordinated the withdrawal of $78,720.77 from his individual annuity account.

19. On or about March 11, 2019, Defendant MASCARELLA redeemed fringe benefit stamps which evidence work performed between the dates of October 30, 2017 and October 31, 2019 which contradicts the sworn to statements made in his affidavit and violates the rules relating to a distribution based upon the aforementioned provision in Plaintiff LOCAL 15 ANNUITY FUND's plan document.

20. Based upon the fringe benefit stamps redeemed by Defendant MASCARELLA on March 11, 2019, he was not eligible for a distribution from Plaintiff LOCAL 15 ANNUITY FUND.

## AS AND FOR A FIRST CAUSE OF ACTION
## (ENFORCEMENT OF PLAN TERMS
## PURSUANT TO SECTION 502(A)(3)(B)(II) OF ERISA)

21. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 20 inclusive with the same force and effect as though more fully set forth at length herein.

22. In accordance with the applicable provision of the plan document, Defendant MASCARELLA was entitled to receive 100% of his individual annuity account from Plaintiff LOCAL 15 ANNUITY FUND had he not been working for a contributing employer during the 12-month period immediately preceding the date of his application for benefits.

23. Upon information and belief, Defendant MASCARELLA was not eligible for this distribution since (a) he was in fact employed by a contributing employer between the dates of August 3, 2018 and October 26, 2018 which includes dates between the 12-month application look back period of October 30, 2017 through October 31, 2018; and (b) redeemed fringe benefit

stamps that evidence the fact that he was employed by a contributing employer between the dates of August 3, 2018 and October 26, 2018.

24. In accordance with Article VIII, Section 3 of Plaintiff LOCAL 15 ANNUITY FUND's plan document, Plaintiffs LOCAL 15 ANNUITY FUND TRUSTEES "have the right to recover any benefit payments made in reliance" upon the "falsity of any statement material to an application or the furnishing of fraudulent information."

25. Upon information and belief, Defendant MASCARELLA made false material statements in submitting an application for the distribution of 100% of his individual annuity account pursuant to Article IV, Section 3(d) of Plaintiff LOCAL 15 ANNUITY FUND's plan document since he had worked for a contributing employer during the 12-month period immediately preceding the date of his application and possessed fringe benefit stamps despite stating otherwise in his affidavit.

26. Defendant MASCARELLA's receipt of a distribution from Plaintiff LOCAL 15 ANNUITY FUND violates established principles of fairness and equity, and is in violation of the terms of the Plaintiff LOCAL 15 ANNUITY FUND's plan document.

27. As a result hereof, Defendant MASCARELLA improperly received a distribution from Plaintiff LOCAL 15 ANNUITY FUND in the amount of $78,720.77 and Plaintiffs LOCAL 15 ANNUITY FUND TRUSTEES along with Plaintiff LOCAL 15 ANNUITY FUND have the right to reimbursement from said Defendant in accordance with Article VIII, Section 3 of the plan document pursuant to Section 502(a)(3)(B)(ii) of ERISA, 29 U.S.C. § 1132(a)(3)(B)(ii) .

## AS AND FOR A SECOND CAUSE OF ACTION
## (ATTORNEYS' FEES & COSTS PURSUANT TO SECTION 502(g)(1) OF ERISA)

28. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 27 inclusive with the same force and effect as though more fully set forth at length herein.

29. As a result of the actions of Defendant MASCARELLA which have resulted in a violation of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Plaintiffs LOCAL 15 ANNUITY FUND TRUSTEES on behalf of Plaintiff LOCAL 15 ANNUITY FUND are entitled to an award of attorneys' fees and costs in accordance with Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

**WHEREFORE**, Plaintiffs demand judgment on the First Cause of Action as against Defendant VINCENT MASCARELLA in the amount of $78,720.77.

**WHEREFORE**, Plaintiffs demand judgment on the Second Cause of Action as against Defendant VINCENT MASCARELLA in an amount of attorneys' fees and costs as related to this action in accordance with Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), together with such other relief as this Court may deem just and proper.

Dated: Tarrytown, New York
March 11, 2019

Respectfully submitted,

BRADY McGUIRE & STEINBERG, P.C.

By: *[signature]*
James M. Steinberg, Esq.
Attorneys for Plaintiffs
303 South Broadway, Suite 234
Tarrytown, New York 10591
(914) 478-4293